### GRANT THOMAS v. THE STATE.

#### No. 239.   Decided December 15, 1909.

**1.—Murder—Charge of Court—Express Malice.**

Where, upon trial for murder, the court correctly defined express malice, and instructed the jury that, if the defendant killed the deceased with express malice, to find him guilty of murder in the first degree, the facts justifying such a charge, there was no error.

**2.—Same—Charge of Court—Intent to Kill—Means Used—Presumption.**

Upon trial for murder, where the evidence showed that defendant killed deceased by striking him with a baseball bat, it was reversible error to charge the jury that every one is presumed to intend whatever would be the reasonable and probable result of his own act and the means used by him.

**3.—Same—Charge of Court—Deadly Weapon.**

Where, upon trial for murder, the evidence showed that the instrument used was a deadly weapon, the court should not have charged the law under article 717, Code of Criminal Procedure; this should only be given where the evidence is not clear as to whether or not the instrument used was a deadly weapon.

**4.—Same—Murder in Second Degree.**

Where, upon trial for murder, the evidence did not show any antecedent malice or former grudges, but that the difficulty arose suddenly, and the defendant struck the blow in the heat of passion, the homicide could not be above murder in the second degree.

Appeal from the District Court of Camp.   Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*Jno. W. Hooper* and *Sam D. Snodgrass,* for appellant.—On question of court's charge on deadly weapon: Danforth v. State, 44 Texas Crim. Rep., 105, 69 S. W. Rep., 159; Crow v. State, 55 Texas Crim. Rep., 200, 116 S. W. Rep., 52; Honeywell v. State, 40 Texas Crim. Rep., 199, 49 S. W. Rep., 586; Shaw v. State, 34 Texas Crim. Rep., 435, 31 S. W. Rep., 361; Early v. State, 50 Texas Crim. Rep., 344, 103 S. W. Rep., 868; Williams v. State, 51 Texas Crim. Rep., 361, 96 S. W. Rep., 42; Lucas v. State, 50 Texas Crim. Rep., 219, 90 S. W. Rep., 880.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited on question of deadly weapon: Shaw v. State, 34 Texas Crim. Rep., 435; Dones v. State, 8 Texas Crim. App., 112; Hill v. State, 11 Texas Crim. App., 456; Ward v. State, 30 Texas Crim. App., 687. On question of person to presume to intend result of his act: McCoy v. State, 25 Texas, 33; High v. State, 26 Texas Crim. Rep., 545; Wood v. State, 27 Texas Crim. App., 393.

BROOKS, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at life imprisonment in the penitentiary.

1. The first ground of the motion for a new trial complains the court erred in the following charges:

"1st. Express malice as herein used is when a person with cool and sedate mind, in pursuance of a formed design to kill another, or to inflict upon him serious bodily injury which would probably end in depriving him of his life, does, without legal justification, mitigation or excuse kill such person."

"2d. Now, if you believe from the evidence beyond a reasonable doubt that the defendant killed Ben Hughes by striking him on the head with a base ball bat with his express malice aforethought as defined in the sixth subdivision of this charge, and that the bat as used was likely to produce death or serious bodily injury, you will find him guilty of murder in the first degree and assess his punishment at death or confinement in the penitentiary for life." Appellant objects to the charge on the ground that it does not require the jury to believe from the evidence that said blow was struck with the intention of killing the deceased. We do not think the charge is subject to this criticism.

2. The fifth ground of the motion for a new trial complains of the 13th paragraph of the court's charge, which is as follows: "Upon the question of the defendant's intent and that you may determine under the facts in evidence he intended to kill Ben Hughes you are instructed that the instrument or means used by which a homicide is committed may be taken into consideration in judging of the intent with which the act is done. It is a legal maxim that every one is

presumed to intend whatever would be the reasonable and probable result of his own act and the means used by him. Hence if a homicide be established and the instrument used was reasonably calculated to produce that result the law presumes that such was the design, if, however, the instrument used was not likely to produce death it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears." Appellant objects to this charge on the ground that it is upon the weight of evidence, and in effect told the jury to presume that the defendant intended to kill the deceased when he struck him with the base ball bat. We think this criticism is correct. While it is a legal maxim that everyone is presumed to intend whatever would be the reasonable and probable result of his own act and the means used by him, yet it is never permissible to give this clause in charge to the jury, since the appellant is entitled to reasonable doubt on every phase of the case. The evidence in this case is not quite clear, but it occurs to us that the weapon in this instance was shown to be a deadly weapon. Upon another trial, if this should be the uncontradicted evidence, the court should not charge the law as stated in article 717 of the Code of Criminal Procedure, but if there is any cavil or dispute or controversy raised by the evidence as to whether or not the weapon was a deadly one, then the court should explicitly charge the law applicable to that state of facts.

The evidence in this record discloses that during the progress of a base ball game appellant offered to bet 50 cents as to the result of the game, all parties being negroes. He had 50 cents in his hand that he was showing and offering to bet same. The money dropped to the ground or was knocked out of appellant's hand, and a question arose as to who had his money. He asked one of the witnesses who was present if he had it, and he told him no, he did not have it, but stated deceased had his money. He walked up to deceased and demanded his money, and deceased stated he did not have it, and appellant struck him on the head with a billet of wood that was improvised and used for a base ball bat. We do not think this evidence suggests murder in the first degree, but at best, from the State's standpoint, merely suggests murder in the second degree. There was no antecedent malice or former grudges, and the record before us does not show any premeditated design to kill. All the matters came up in a few moments, and the blow was struck in heat of passion, or at least without that cool and deliberate mind required in murder of the first degree. Therefore, we would suggest that the court should not charge on murder in the first degree in this case.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*